**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

Eleandro Almeida de Souza,
Petitioner,

v.

DAVID WESLING, Boston Field Office Director, U.S. Immigration and Customs Enforcement and Removal Operations ("ICE/ERO");
ANTONE MONIZ, Superintendent, Plymouth County Correctional Facility;
DAVID VENTURELLA, Acting Director of U.S. Immigration and Customs Enforcement ("ICE");
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security ("DHS");
U.S. DEPARTMENT OF HOMELAND SECURITY; and
TODD BLANCHE, Acting Attorney General of the United States,
Respondents.

**Case No.: 1:26-cv-13761**

**EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241**

## I. INTRODUCTION

1. Petitioner Eleandro Almeida de Souza is a native and citizen of Brazil currently detained by U.S. Immigration and Customs Enforcement ("ICE"). Petitioner was taken into ICE custody on or about August 14, 2026 in Everett, Massachusetts, outside of his home. On information and belief, he is currently detained at the ICE Boston Field Office in Burlington, Massachusetts.

2. Petitioner entered the United States without inspection on or about September 10, 2019 and has resided continuously in this country since that entry. Immigration authorities apprehended Petitioner at or near the time of his entry, but the Department of Homeland

Security released him from custody that same day on an I-220A Order of Release on Recognizance. Petitioner thereafter lived in the community for nearly seven years. On information and belief, he has no criminal convictions and is not subject to any final order of removal.

3. Respondents nevertheless continue to detain Petitioner without providing the individualized custody determination required by law. Because DHS released Petitioner into the United States on an Order of Release under section 236 of the Immigration and Nationality Act, his current detention is governed by 8 U.S.C. § 1226(a), not the mandatory detention provisions of 8 U.S.C. § 1225(b). As such, Petitioner is entitled to an individualized custody determination before an Immigration Judge.

4. Petitioner brings this action to challenge his ongoing detention as violative of the Due Process Clause of the Fifth Amendment to the United States Constitution.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2241 (habeas corpus) and 28 U.S.C. § 1331 (federal question).

6. Venue is proper in this district because, on information and belief, Petitioner is detained within the District of Massachusetts.

## III. PARTIES

7. Petitioner Eleandro Almeida de Souza is a native and citizen of Brazil currently detained by U.S. Immigration and Customs Enforcement within the District of Massachusetts.

8. Respondent David Wesling is the Field Office Director for the Boston Field Office of U.S. Immigration and Customs Enforcement Enforcement and Removal Operations in

Burlington, Massachusetts ("ICE," "ERO"), which exercises jurisdiction over ICE detention operations in Massachusetts. In that capacity, he has legal custody over noncitizens detained within the Boston Field Office's jurisdiction, including Petitioner, and is responsible for decisions relating to Petitioner's arrest, detention, custody classification, and release. Respondent Wesling is the legal custodian of the Petitioner.

9. Respondent Antone Moniz is the Superintendent of Plymouth County Correctional Facility ("PCCF"), where Petitioner is expected to be detained in ICE custody. Upon Petitioner's transfer to PCCF, Respondent Moniz will become Petitioner's immediate custodian and will have the authority to produce Petitioner before this Court and to carry out any order directing Petitioner's release.

10. Respondent David Venturella is the Acting Director of U.S. Immigration and Customs Enforcement. He exercises authority over the operations of ICE nationwide, including the actions of ICE/ERO's Boston Field Office. Respondent Venturella is a legal custodian of Petitioner.

11. Respondent Markwayne Mullin is the Secretary of the Department of Homeland Security ("DHS"), the federal agency charged with enforcing the immigration laws of the United States. DHS oversees ICE and is ultimately responsible for the detention of Petitioner. Respondent Mullin is a legal custodian of Petitioner.

12. Respondent U.S. Department of Homeland Security is the federal agency responsible for implementing and enforcing the immigration laws of the United States, including the detention and removal of noncitizens.

13. Respondent Todd Blanche is the Acting Attorney General of the United States and the head of the U.S. Department of Justice. The Attorney General has ultimate supervisory

authority over the immigration courts and the Board of Immigration Appeals and is charged with ensuring compliance with federal law in immigration detention and removal matters.

## IV. FACTUAL BACKGROUND

14. Petitioner Eleandro Almeida de Souza is a native and citizen of Brazil.
15. Petitioner entered the United States without inspection on or about September 10, 2019 at the age of sixteen (16) years old. Immigration officers apprehended and detained him at or near the time of his entry.
16. On September 10, 2019, the Department of Homeland Security released Petitioner from custody on an I-220A Order of Release on Recognizance under INA § 236 (8 USC § 1226). *See* Exhibit 1.
17. Since his release in 2019, Petitioner has resided continuously in the United States.
18. On or about August 14, 2026, at approximately 6:00 a.m., agents of U.S. Immigration and Customs Enforcement ("ICE") arrested Petitioner outside his home in Everett, Massachusetts and took him into immigration custody.
19. Since his arrest, Petitioner has not received an individualized custody hearing before a neutral adjudicator at which the Government is required to justify his continued detention.
20. Petitioner therefore seeks a writ of habeas corpus directing Respondents to provide him with a prompt, individualized bond hearing before a neutral adjudicator, at which the Government bears the burden of justifying his continued detention in accordance with *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021). In the alternative, Petitioner seeks an order directing his immediate release.

21. Petitioner also seeks an order prohibiting Respondents from transferring him outside the District of Massachusetts while these proceedings remain pending.

## V. REQUIREMENTS OF 28 U.S.C. §§ 2241, 2243

22. The Court must grant the petition for writ of habeas corpus or issue an order to show cause ("OSC") to the Respondents "forthwith," unless the petitioner is not entitled to relief. 28 U.S.C. § 2243. If an OSC is issued, the Court must require Respondents to file a return "within three days unless for good cause additional time, not exceeding twenty days, is allowed." *Id.*

23. Courts have long recognized the significance of the habeas statute in protecting individuals from unlawful detention. The Great Writ has been referred to as "perhaps the most important writ known to the constitutional law of England, affording as it does a swift and imperative remedy in all cases of illegal restraint or confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963).

24. Petitioner is "in custody" for the purpose of § 2241 because Petitioner is arrested and detained by Respondents.

## VI. CLAIMS FOR RELIEF

### Count I
### Violation of the Fifth Amendment Right to Due Process
### (Procedural Due Process)

25. Petitioner incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

26. The Due Process Clause of the Fifth Amendment prohibits the federal government from depriving any person of liberty without due process of law.

27. Respondents are detaining Petitioner without providing him with a constitutionally adequate, individualized custody determination before a neutral adjudicator.

28. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b). After Petitioner entered the United States in 2019, immigration authorities apprehended and detained him but released him from custody that same day on an Order of Release on Recognizance. He thereafter resided in the United States for nearly seven years. His present detention is therefore governed by 8 U.S.C. § 1226(a).

29. Because Petitioner's detention is governed by § 1226(a), the Due Process Clause entitles him to a prompt, individualized bond hearing before a neutral adjudicator at which the Government bears the burden of establishing that his continued detention is justified. See *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021).

30. Respondents have not afforded Petitioner such a hearing and continue to detain him without the process required by the Fifth Amendment.

31. By continuing Petitioner's detention without providing constitutionally adequate procedures, Respondents have violated and continue to violate Petitioner's rights under the Due Process Clause of the Fifth Amendment.

32. As a direct result of Respondents' unconstitutional conduct, Petitioner has suffered and continues to suffer an unlawful deprivation of his physical liberty.

**Count II**
**Detention Not Authorized by Statute**
**(8 U.S.C. § 1226(a))**

33. Petitioner incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

34. The Immigration and Nationality Act authorizes the detention of noncitizens under different statutory provisions depending on their procedural posture.

35. Section 1225(b) governs the inspection and detention of applicants for admission during the inspection process and at or near the time of their arrival in the United States. By contrast, 8 U.S.C. § 1226(a) governs the detention of noncitizens who are awaiting a determination as to whether they are to be removed from the United States.

36. After Petitioner entered the United States in 2019, immigration authorities apprehended and detained him but released him from custody that same day on a Form I-220A Order of Release on Recognizance under INA § 236 (8 U.S.C. § 1226(a)). Petitioner then lived in the United States for nearly seven years.

37. On or about August 14, 2026, ICE agents arrested Petitioner outside his home in Everett, Massachusetts and returned him to immigration custody.

38. Petitioner's initial release from immigration custody on an Order of Release on Recognizance, ended any authority to detain him under § 1225(b). His re-detention nearly seven years after his entry does not revive § 1225(b) or render him an arriving applicant subject to mandatory detention.

39. Petitioner's present detention is instead governed by § 1226(a), which entitles him to an individualized custody determination before an Immigration Judge.

40. Because Respondents lack statutory authority to detain Petitioner under § 1225(b), his continued detention without the individualized custody determination required by § 1226(a) is unlawful.

41. Petitioner is therefore entitled to a writ of habeas corpus directing Respondents to provide him with an individualized custody determination before an Immigration Judge or, in the alternative, directing his immediate release.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner respectfully requests this Honorable Court grant the following:

1) Assume jurisdiction over this matter;
2) Order that Petitioner shall not be transferred outside the District of Massachusetts, or in any event outside the geographic boundaries of the First Circuit, during the pendency of this action;
3) Issue an Order to Show Cause ordering Respondents to show cause as to why this Petition should not be granted within three days;
4) Issue a Writ of Habeas Corpus ordering Respondents to either (a) immediately release Petitioner from custody, or (b) afford Petitioner a constitutionally adequate custody determination before a neutral adjudicator at which the Government bears the burden of proving by clear and convincing evidence that continued detention is justified by danger to the community or risk of flight that cannot be mitigated by conditions of release, consistent with *Hernandez-Lara v. Lyons*, 10 F.4th 19 (1st Cir. 2021); and
5) Grant any such further relief as the Court deems just and proper.

Respectfully submitted,
Counsel for Petitioner,

*/s/ Gabriela Cerretani* Dated: August 14, 2026

Gabriela J. Cerretani
BBO No. 706130
Georges Cote Law LLP
235 Marginal Street
Chelsea, MA 02150
Office: (617) 884-1000
Cell: (857) 337-4631